NIELS RASMUSSEN, APPELLANT, V. AUGUST BLUST ET AL.,
APPELLEES.*

FILED MARCH 5, 1909.   No. 15,514.

1. **Waters**: IRRIGATION CANAL: RIGHT OF WAY. One who has not ac-
quired a right of way for an irrigation canal over the public
lands of the United States prior to their entry as a homestead
must arrange for such right of way with the entryman or take
proper proceedings to appropriate the land for that purpose.

2. ———: ———: ———: RIGHT OF ENTRYMAN. The construction of
an irrigation canal through the public lands of the United States
without first securing the consent of the general government or
taking a right of way deed from a homestead entryman, who
afterwards abandons the land and allows it to revert to the
general government, gives the proprietor of the canal no claim
to the land over which it runs as against a subsequent entryman.

APPEAL from the district court for Dawes county:
WILLIAM H. WESTOVER, JUDGE.  *Affirmed.*

*J. E. Porter,* for appellant.

*Allen G. Fisher, contra.*

DUFFIE, C.

The plaintiff has projected and partially completed a
system of irrigation in Dawes county, Nebraska. The
proposed system is something over 30 miles in length, of
which about 15 miles have been completed, and which
include certain reservoirs for the storage of waste water.
In April, 1901, he made an application to the commissioner
of the general land office at Washington for right of way
for his system over the public lands of the United States,
under the act of congress approved March 3, 1891, and
subsequent acts amendatory thereof. A certified copy
of a letter from the commissioner of the general land
office of date November 16, 1906, is to the effect that
plaintiff's application was returned for correction, the
date when said application was last returned being June

* Rehearing allowed.  See opinion, 85 Neb. ——.

13, 1902, and that, no correction being made by Rasmussen, no action had been taken thereon by the officers of the general land office, it being considered that the application had been abandoned. Under these circumstances any claim to a right of way granted by the general government, or any supposed right growing out of a pending application therefor, can receive no consideration in disposing of this case.

Some of the lands through which the plaintiff's ditch is constructed were at the time occupied by parties under homestead entries. From some of these, right of way deeds were obtained, and, as we understand the record, some of the lands now occupied by the defendants were formerly in possession of homestead claimants who granted to the plaintiff right of way through their lands, but these homestead claimants have since abandoned their entries, and the land reverted to the United States free from any claim by such parties. The defendants are now in possession of some of these lands and refuse to allow the plaintiff to enter thereon for the purpose of clearing out his ditch, repairing or operating the same. This action was brought to enjoin them from interfering with his control, operation, repairing and maintaining the ditch through these lands. The answer of the defendants is quite lengthy, and to the effect that the waters of the creek from which the plaintiff supplies his ditch are wholly insufficient to supply an irrigation canal, and that it is entirely dry during portions of the year, so that the project is not a feasible one.

The plaintiff is constructing his ditch under a permit obtained from the state board of irrigation, which has jurisdiction in the first instance to grant such permits, and to determine from what streams water may be taken and the amount of such water. The action of that board cannot be questioned or ignored in this proceeding. It is evident from the evidence that the plaintiff has no right of way granted him by the defendants over their lands, and the fact that before they entered the same from the

United States they had knowledge that the ditch was projected, or even built through the lands now occupied by them, cannot operate as an estoppel against their assertion of title or their objecting to the plaintiff trespassing upon their lands. His application to the federal government for a right of way has apparently been abandoned, and the defendants, when they entered the land from the United States, took it free from any claim which the plaintiff might have had were his application still pending. Whether a pending application for a right of way through the public lands would take precedence over a homestead entry made subsequent to such application is not a question upon which we are called to express an opinion. The plaintiff, before he can enter upon the lands of the defendants, in maintaining and operating his ditch, must either obtain a right so to do by agreement with the occupants or by condemnation proceedings instituted for that purpose. We cannot discover from the record that such a right now exists, and the district court properly dismissed his petition.

We recommend an affirmance of the judgment.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.